**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

K.K., AN INDIVIDUAL,

Plaintiff, CIVIL ACTION NO: __________

against

MOTEL 6 OPERATING, L.P.,
G6 HOSPITALITY LLC, and
G6 HOSPITALITY PROPERTY LLC,

Defendants.

## COMPLAINT

COMES NOW the Plaintiff K.K., by and through the undersigned counsel, and respectfully submits her Complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by K.K. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. MOTEL 6 OPERATING, L.P. was the lessee and operator of the subject premises and subject hotel, doing business as Motel 6, located at 400 Lee Street SW, Tumwater, WA 98501 (identified in the recorded instruments of Thurston County, Washington as 400 W. Lee Street), during the relevant time period in 2020 and through and inclusive of September 2021, and as such was responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises.

3. G6 HOSPITALITY LLC is and at all relevant times was the managing general partner of MOTEL 6 OPERATING, L.P., and as such directed, managed, and participated in the

operation of the subject hotel and received the revenues generated by it during the relevant time period in 2020 and through and inclusive of September 2021.

4. Upon information and belief, G6 HOSPITALITY PROPERTY LLC is an affiliated G6 entity which, during the relevant time period in 2020 and through and inclusive of September 2021, held an interest in the subject premises and subject hotel and participated in the operation of the subject hotel, and shared in the revenues generated by it. The precise nature and extent of that interest and participation are peculiarly within the knowledge of the G6 Defendants and will be determined in discovery. MOTEL 6 OPERATING, L.P., G6 HOSPITALITY LLC, and G6 HOSPITALITY PROPERTY LLC are referred to collectively herein as "Defendants."

5. During the relevant time period, Defendant MOTEL 6 OPERATING, L.P. held the leasehold interest in the subject premises located at the address listed above.

6. During the relevant time period, Defendants were the operators of the subject premises located at the address listed above.

7. Upon information and belief, at all relevant times Motel 6 Operating, L.P. held the leasehold interest in the subject premises as lessee, by and through its managing general partner G6 Hospitality LLC, pursuant to a commercial lease with the fee owner of the premises.

8. Upon information and belief, the leasehold interest in the subject premises remained in effect, and Defendants continuously operated the subject hotel as a place of public lodging doing business as Motel 6, throughout 2020 and through and inclusive of September 2021. No conveyance of the subject premises occurred during that period.

9. Plaintiff meets the definition of a sex trafficking victim as she was caused by her traffickers to engage in commercial sex at Defendants' subject hotel in 2020 and through and

inclusive of September 2021, during the time Defendants leased and operated the subject hotel, and was induced by force, fraud, and coercion by her traffickers.

10. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion, and criminalizes the sex trafficking of a person under the age of eighteen without regard to force, fraud, or coercion. See 18 U.S.C. § 1591. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated § 1591(a)(1) — a criminal statute; (2) a beneficiary claim against the trafficker who directly violated § 1591(a)(2) — a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

## PARTIES

11. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address are not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

12. Plaintiff is currently a resident of the State of Washington and was born in 1998.

13. At all times relevant and material, Defendants leased and operated a hotel doing business as Motel 6 and located at the address set forth above in paragraph 2 and were

authorized, licensed, and doing business in the State of Washington offering the subject hotel as a place of public lodging.

14. Defendant MOTEL 6 OPERATING, L.P. is a Delaware limited partnership. In the Memorandum of Lease recorded as Thurston County Auditor instrument number 4288055, it identified its office as 4001 International Parkway, Carrollton, Texas 75007.

15. Defendant G6 HOSPITALITY LLC is a Delaware limited liability company with its principal office at 4001 International Parkway, Carrollton, Texas 75007. It is registered with the Washington Secretary of State as a foreign limited liability company under UBI number 601 453 609, and its registered agent for service in Washington is Cogency Global Inc., 1780 Barnes Boulevard SW, Tumwater, Washington.

16. Defendant G6 HOSPITALITY PROPERTY LLC maintains its principal place of business at 4001 International Parkway, Carrollton, Texas 75007.

17. As the managing general partner of MOTEL 6 OPERATING, L.P., Defendant G6 HOSPITALITY LLC was responsible for the management and conduct of the business of that limited partnership, including the operation of the subject hotel, and is liable for the obligations of that limited partnership.

## JURISDICTION AND VENUE

18. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, and pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this District.

20. The principal place of business of Defendant G6 HOSPITALITY LLC is located at 4001 International Parkway, Carrollton, TX 75007, within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

21. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is likewise located at 4001 International Parkway, Carrollton, TX 75007, within the Eastern District of Texas.

22. Defendant MOTEL 6 OPERATING, L.P. likewise maintains its office at 4001 International Parkway, Carrollton, TX 75007, within the Eastern District of Texas, and its business, including the operation of the subject hotel, is managed and administered from that location by its managing general partner, Defendant G6 HOSPITALITY LLC.

23. As the hotel lessee and hotel operators during the relevant time period for the subject property, Defendants MOTEL 6 OPERATING, L.P., G6 HOSPITALITY LLC, and G6 HOSPITALITY PROPERTY LLC (all located at 4001 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for the subject property where Plaintiff was sex trafficked.

**CAUSE OF ACTION**
**VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")**

24. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against Defendants, and each of them.

25. At all relevant times, Defendants, as lessee and operators, were involved in the staffing and operation of the subject hotel where Plaintiff was trafficked for sex during the

relevant time period of Defendants' tenancy and operation in 2020 and through and inclusive of September 2021.

26. Plaintiff was trafficked at the subject hotel by traffickers acting together known to her as "Ryan," and "Alex".

27. In order to cause and compel Plaintiff to engage in sex with sex buyers at the subject hotel, her traffickers used various means to do so including:

a. physical violence and threats of physical violence, including physical abuse that left visible marks and bruising on Plaintiff's body, including blackened eyes;

b. the display of a firearm by Plaintiff's trafficker in her presence in order to intimidate and frighten Plaintiff;

c. threats directed at Plaintiff's own safety and wellbeing;

d. Plaintiff's dependence upon and vulnerability to her traffickers, including her dependence arising from her substance use during the period she was trafficked; and

e. other means of force, fraud and coercion used by the traffickers.

28. Plaintiff meets the definition of a sex trafficking victim. Throughout the period she was trafficked at the subject hotel in 2020 and through and inclusive of September 2021, Plaintiff was induced by force, fraud, and coercion by her traffickers to have sex with sex buyers at Defendants' subject hotel.

29. Rooms rented for use for the sex trafficking of Plaintiff on Defendants' subject premises were rented by Plaintiff's traffickers, or in Plaintiff's own name at the direction of and under the control of Plaintiff's traffickers.

30. Discovery will inform whether the traffickers, or individuals acting at the traffickers' direction, booked rooms at the subject hotel that were used for the sex trafficking of the Plaintiff in violation of the TVPRA:

a. Under the registrant's proper legal name or a false name;

b. Whether cash, prepaid card, debit card or credit card was used at the time of respective booking or renewal; and

c. Whether staff of Defendants required for each booking that the renter show their identification.

31. Defendants knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the rooms rented for use in the sex trafficking of Plaintiff, in violation of the TVPRA, in 2020 and through and inclusive of September 2021.

32. Defendants rented rooms to individuals they knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

33. Plaintiff's traffickers used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

34. Plaintiff was advertised online by her traffickers for commercial sex which was to occur at the subject hotel, including on the internet platforms known as TNA Board and Sugar Daddy Meets.

35. In addition, Defendants received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her traffickers online) and from such Wi-Fi service Defendants, upon information and belief, received financial benefit.

36. During the relevant time period alleged herein, Defendants took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's traffickers that violated the TVPRA as to the Plaintiff herein.

37. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

38. Defendants operating the subject hotel and renting out rooms used for the sex trafficking of Plaintiff was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

39. Defendants' association with Plaintiff's sex traffickers was a venture because Plaintiff's traffickers had prior and ongoing commercial dealings with said Defendants at the subject hotel's premises, by means of rooms repeatedly rented for the traffickers' benefit and at the traffickers' direction during the time period of Plaintiff's trafficking, which Defendants knew, or should have known, were being used for and were facilitating the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

40. Defendants' repeated rental of rooms used for the sex trafficking of Plaintiff at the subject hotel was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the subject hotel were colored by overt indicators of sex trafficking, such that Defendants knew, or should have known, that Defendants were renting rooms used by individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

41. A continuous business relationship existed between Defendants' hotel, its agents, employees and staff, and Plaintiff's traffickers' sex trafficking business, in part, in that Defendants provided assistance, support, or facilitation to Plaintiff's traffickers by repeatedly

renting rooms used by individuals they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

42. Defendants knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms used for the sex trafficking of Plaintiff, in 2020 and through and inclusive of September 2021.

43. Defendants participated in a venture by operating the subject hotel that rented rooms to individuals that said Defendants knew or should have known were involved in sex trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

44. Defendants participated in a venture that said Defendants knew or should have known was trafficking Plaintiff at the subject hotel in violation of the TVPRA.

45. These Defendants knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

46. Defendants knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as to the Plaintiff, a victim, due to the many red flags then and there existing, which are to be considered collectively and not in isolation, including but not limited to:

a. Steady foot traffic of sex buyers to the rented rooms to have sex with Plaintiff;

b. Plaintiff's trafficker repeatedly requested, and was repeatedly given, the same room at the subject hotel — a corner room on an upper floor;

c. Rooms were requested that were located away from the front desk and away from other guests;

d. Plaintiff had visible signs of physical abuse, including visible bruising and blackened eyes, which was observable by Defendants' staff;

e. Plaintiff was observed by Defendants' staff on frequent occasions visibly under the influence of narcotics (e.g. heroin and meth) and in revealing attire;

f. Obvious signs of illegal drug use and drug distribution were present in and about Plaintiff and the rented rooms, including drug paraphernalia and used condoms, which, upon information and belief, were observable by Defendants' staff;

g. Screaming was audible from the rented rooms, and Plaintiff was frequently observed by Defendants' staff crying and visibly distressed;

h. Plaintiff was advertised online for commercial sex acts at the subject hotel; and

i. In a review of the subject hotel published in 2005, a guest wrote: "I was scared the entire night. The people that 'stay' at this motel look like prostitutes and gang members." In a review of the subject hotel published in 2013, a guest wrote that the property was a "[v]ery typical Motel 6; meaning that the clientele is sometimes creepy, party animals, and of course the 'Motel Sex' type." Upon information and belief, Defendants monitored, and at all relevant times had the ability to monitor, publicly

available guest reviews of the subject hotel, including reviews describing the presence of apparent prostitution activity at the property.

j. Other commonly known sex trafficking red flags which the above captioned Defendants knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

47. Upon information and belief, Defendants' staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 46 above.

48. When being trafficked at the subject hotel in 2020 and through and inclusive of September 2021 during these Defendants' tenancy and operation, Plaintiff interacted with Defendants' staff on a frequent basis, and Defendants' staff witnessed and observed Plaintiff, her traffickers as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

49. Defendants' involvement and failure, by their agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at the subject hotel and suffering the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under the control and coercion of her traffickers, as well as all residual injuries suffered from PTSD.

50. These Defendants, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to:

a. guest visibly under the influence of drugs or alcohol;

b. guest creating a nuisance to the public;

c. guest believed to use a hotel room for unlawful purposes;

d. guest uses hotel amenities and premises for unlawful acts;

e. guest brings in extra unregistered guests;

f. guest's behavior reasonably disturbs other guests;

g. guest violates other rules set by the hotel; and

h. for other indicated reasons.

51. Plaintiff being sex trafficked at the subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to the horror of being a victim of sex trafficking, as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, substance abuse, and PTSD, which in turn affects daily functioning. Plaintiff requires professional counseling and mental health treatment as a result of the injuries she sustained.

52. As a direct and proximate result of Defendants' involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at the subject hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendants' hotel in violation of the TVPRA.

53. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, and

psychological injuries as the result of being trafficked and sexually exploited at the subject hotel by her traffickers in violation of 18 U.S.C. § 1591, which trafficking venture Defendants knowingly benefited from, financially and by receiving things of value, and which venture Defendants knew or should have known was engaged in acts in violation of 18 U.S.C. § 1591.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as identified in the above-referenced Count and as follows:

a. All available compensatory damages for the described losses with respect to the above cause of action;

b. Past and future emotional distress;

c. Consequential and/or special damages;

d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e. Physical pain and suffering;

f. Disgorgement of profits obtained through unjust enrichment;

g. Restitution;

h. All damages allowable under the TVPRA;

i. Reasonable and recoverable attorney's fees;

j. Punitive damages with respect to each cause of action;

k. Costs of this action; and

l. Pre-judgment and all other interest recoverable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: July 29, 2026

RESPECTFULLY SUBMITTED,

/s/ Jason Byrd
THE BYRD LAW FIRM
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis
Randolph Janis, Esq.
DOUGLAS & LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky
Chloe Makowsky, Esq.
DOUGLAS & LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

Attorneys for Plaintiff